

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| RICHARD E. BOGGS, | § | |
|       Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action No. 3:19-00551-MGL |
| | § | |
| PETER RAE, | § | |
|       Defendant. | § | |
| | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
SUBSTITUTING THE UNITED STATES OF AMERICA AS THE DEFENDANT,
AND DISMISSING PLAINTIFF'S COMPLAINT**

Plaintiff Richard E. Boggs (Boggs), proceeding pro se, filed this action seeking an injunction against Peter Rae (Rae). The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the United States of America (USA) be substituted as the defendant for Rae and the USA's motion to dismiss for lack of subject matter jurisdiction be granted. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The Court need not conduct a de

novo review, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see* Fed. R. Civ. P. 72(b).

The Magistrate Judge filed the Report on November 19, 2019. Boggs filed his Objections to the Report (Objections) on November 25, 2019. The USA filed its response to the Objections on December 9, 2019 (Response). The Court has reviewed the objections but holds them to be without merit. It will therefore enter judgment accordingly.

The majority of Boggs's objections are restatements of facts alleged, purportedly supporting his action. Because these do not address the reasoning of the Report, they will be treated as conclusory objections and, thus, only require review for clear error. *Orpiano*, 687 F.2d at 47. The Court finds no error in the Report and therefore will overrule these objections.

Boggs, however, does raise three objections directly applicable to the Magistrate Judge's legal reasoning. All three are without merit and will be addressed in turn.

First, Boggs objects to the invocation of the Anti-Injunction Act (AIA), asserting the AIA's bar on tax cases is limited to cases involving exactions. This misstates the scope of the AIA tax exception. The AIA exception "extends beyond the mere assessment and collection of taxes to embrace other activities, such as an audit to determine tax liability, that may culminate in the assessment or collection of taxes." *Judicial Watch, Inc. v. Rossotti*, 317 F.3d 401, 405 (4th Cir. 2003). This would include any investigation undertaken by the Internal Revenue Service. Thus, the AIA specifically disallows the suit Boggs attempts to bring. Accordingly, the Court will overrule this objection.

Second, Boggs objects to the Report disclaiming the applicability of the Declaratory Judgment Act (DJA). Boggs provides no legal basis for his objection, merely asserting the DJA

is applicable because "the defendant(s) lacked the authority to do what he / they did." Objections at 9. This is merely a conclusory objection and, thus, requires review for only clear error. *Orpiano*, 687 F.2d at 47. As the Court stated above, it finds no error in the Report and therefore will overrule this objection.

Finally, Boggs asserts the Report incorrectly asserts sovereign immunity, claiming immunity was waived by the government in 5 U.S.C. § 702, the Administrative Procedures Act (APA). The APA, however, "is not a grant of jurisdiction," and "merely suggest[s] that sovereign immunity will not be a defense in an action in which jurisdiction already exists." *Lonsdale v. United States*, 919 F.2d 1440, 1444 (10th Cir. 1990). The APA alone is insufficient to demonstrate a clear waiver of sovereign immunity applicable to this case. Consequently, the Court will overrule this objection.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Boggs's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court the USA is substituted as the defendant for Rae, the USA's motion to dismiss is **GRANTED**, and Boggs's complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Signed this 16th day of January 2020 in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.